IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GABRIEL SANCHEZ | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL NO. SA-18-CV-00184-XR |
| | § | |
| CITY OF SAN ANTONIO, BY AND | § | |
| THROUGH ITS AGENT, CITY | § | |
| PUBLIC SERVICE BOARD OF | § | |
| SANANTONIO | § | |
| | § | |
| *Defendant.* | | |

## JOINT REPORT OF 26(f) CONFERENCE AND DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties conducted a Rule 26(f) conference by telephone on May 31, 2018.

### I.   Parties

In attendance at the telephonic conference were:

(1) Alex Katzman and Justin R. Reyes for Gabriel Sanchez ("Plaintiff"); and

(2) Christine E. Reinhard and Delilah Evans for CPS Energy ("Defendant").

### II.   Conference

The parties conferred regarding the following topics set forth in Rule 26(f) and report as follows:

(1) The parties agree that there are no outstanding jurisdictional issues in this case.

(2) The parties agree that there are no unserved parties in this case.

(3) The parties discussed the causes of action, defenses, and counterclaims in this case.

**The Plaintiff's causes of action and respective prima facie elements are as follows:**

a. Disability Discrimination. <u>Americans with Disabilities Act of 1990, as amended, ADA Amendments Act of 2008</u>.

   i. Plaintiff must be a member of a protected class: Plaintiff had a disability, had a history of disability, or was perceived by Defendant as having a disability;

   ii. Plaintiff must be qualified for the position in question;

   iii. Plaintiff must have suffered an adverse employment action; and

   iv. Plaintiff must establish a casual link between his protected status and the adverse employment action.

b. Family Medical Leave Act Violation. <u>Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et. seq.*</u>

   i. Plaintiff must engage in a protected activity: Requested or took FMLA leave;

   ii. Plaintiff must have suffered an adverse employment action; and

   iii. Plaintiff must establish a casual link between the protected activity and the adverse employment action.

**Defendant's defenses and respective elements are as follows:**

Defendant submits the following regarding the defenses in this case: Although Defendant asserts other defenses in its Answer as potentially applicable given the claims raised by Plaintiff, the specific defenses listed below are those that Defendant maintains the law or current facts as known apply to this particular lawsuit.

Defendant also has omitted from the below its pure damage-related defenses, such as failure to mitigate, after-acquired evidence, statutory limitations, offset, etc:

1. Plaintiff's claims under the ADA are limited to only those claims alleged in his predicate January 3, 2017 charge of discrimination filed with the Equal Employment Opportunity Commission.

2. To the extent Plaintiff's claims rest upon any action of Defendant taken in good faith reliance on the constructions, interpretations, and applications of the FMLA or ADA by the appropriate administrative agencies, regulatory agencies, and courts empowered or authorized to make such constructions, interpretations, and applications, such claims are barred in whole or in part.

3. To the extent any rights were violated, which Defendant denies, any such conduct and/or violations were the result of individuals acting outside the scope of their employment with Defendant and without Defendant's consent.  Defendant does not and did not authorize, condone, ratify, or tolerate any unlawful discrimination or retaliation; Defendant instead prohibits such conduct.  Defendant therefore is not responsible or liable for any such conduct through the principles of agency, *respondeat superior,* or otherwise.

4. If a fact finder determines any unlawful reason was a motivating factor in any employment decision concerning Plaintiff, which Defendant adamantly denies and maintains is not the applicable standard as to all of Plaintiff's claims, Defendant would nonetheless have made the same

employment decision regardless of the alleged discriminatory or retaliatory animus.

5. The claims advanced by Plaintiff are barred, in whole or in part, by the fact that Defendant's actions and/or omissions, if any, did not proximately cause Plaintiff's injuries or damages, if any.

6. To the extent Plaintiff is attempting to seek relief under the ADA for any alleged discriminatory conduct occurring more than three hundred days prior to the filing of his underlying charge of discrimination or under the FMLA for any alleged retaliatory conduct occurring more than two years prior to the filing of his lawsuit, such claims and the relief for such claims are barred.

7. Defendant did not engage in any intentional unlawful discrimination or retaliation, nor did Defendant willfully engage in any unlawful practice with malice or with reckless indifference to the rights of Plaintiff, if any. Defendant's actions, if any, were job-related, consistent with a business necessity, and based upon legitimate, non-discriminatory, non-retaliatory reasons.  Defendant's actions, if any, also were undertaken in good faith, based on good cause, and with a reasonable belief that such actions were not in violation of any applicable law.  Indeed, no decisions were intentionally made or imposed to contravene the prohibitions of any applicable state or federal law.  In this regard, Plaintiff cannot recover any compensatory or liquidated damages under the FMLA or ADA.

No counterclaims have been asserted in this case, but Defendant will seek to recover any taxable costs it incurs in the defense of this lawsuit.

(4) The parties discussed any agreements and stipulations that can be made about the facts in the case, and the parties agreed to continue to confer. The parties will submit any agreements or stipulations to the Court prior to trial.

(5) The parties discussed their views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3) as follows:

   a. The parties agree that no changes should be made in timing, form, or requirement for disclosures under Rule 26(a);

   b. The parties discussed the subjects on which discovery may be needed.

   **Plaintiff anticipates seeking discovery on the following topics of information:**

   i. Plaintiff's employment performance;

   ii. Communications between Plaintiff and Defendant (including emails and text messages between Plaintiff' and co-workers);

   iii. Plaintiff's personnel file and medical file kept by Defendant;

   iv. Disciplinary reports in relation to Plaintiff;

   v. Defendant's training manuals for the position of "Journeyman Cable Splicer";

   vi. Defendant's training manuals for the position of "Foreman";

   vii. Defendant's training manuals for the position of "Helper";

   viii. Defendant's training manuals for Defendant's employees who supervised Plaintiff;

   ix. Defendant's training manuals for the position of "Apprentice";

    x.    Training certification for the position of "Journeyman Cable Splicer";

    xi.    Training certification for the position of "Foreman";

    xii.    Training certification for the position of "Helper";

    xiii.    Training certification for Defendant's supervisors who supervised Plaintiff;

    xiv.    Training certification for the position of "Apprentice";

    xv.    Defendant's disability discrimination policies;

    xvi.    Personnel files of disabled employees who were reasonably accommodated within the last 24 months;

    xvii.    Personnel files of each disabled employee whom submitted their resignation to Defendant within the last 24 months;

    xviii.    Personnel file of the employee who replaced Plaintiff;

    xix.    Personnel file of the decisionmaker(s);

    xx.    Compensation and benefits records;

    xxi.    Medical and mental health records;

    xxii.    Plaintiff's workers' compensation file;

    xxiii.    Root cause analysis documentation;

    xxiv.    Defendant's employee handbook(s);

    xxv.    Defendant's policies and procedures pertaining to Plaintiff and his department;

    xxvi.    Documents evidencing Defendant's reasons for termination; and

    xxvii.    Documents that Defendant relied upon in making the decision to terminate Plaintiff's employment

**Defendant anticipates seeking discovery on the following topics of information:**

At this time, the subjects that Defendant anticipates needing discovery include, but are not limited to:

i. Plaintiff's allegations of discrimination and retaliation included in his Complaint;

ii. Plaintiff's alleged disability;

iii. Plaintiff's claim that he was held to a higher standard and other factual allegations included in his Complaint;

iv. Plaintiff's attendance at Deer Oaks counseling sessions;

v. Plaintiff's alleged communications with Defendant's employees and about Defendant;

vi. Plaintiff's economic, special, and compensatory damages sought, including his efforts to mitigate his damages following his separation of employment from Defendant;

vii. Plaintiff's subsequent employment job requirements, job applications, discipline, and performance; and

vii. whether Plaintiff exhausted timely his administrative remedies.

.

    c. The parties agreed that discovery should be completed on **February 1, 2019.**

    d. Plaintiff intends to seek discovery of electronically stored information for communications between Defendant's employees, and possibly other outside the company, relating to Plaintiff, his employment and/or his damages. Defendant intends to seek discovery of electronically stored information reflecting Plaintiff's communication with current or former employees of Defendant or other witnesses regarding his claims and damages sought, as well

  as related to Plaintiff's efforts to find subsequent employment following his separation of employment and Plaintiff's claim of being disabled.

  e. The parties agree that they will comply with Federal Rule of Evidence 502 in regards to claims of privilege and protection of trial-preparation materials;

  f. The parties agree that no changes should be made in the limitations on discovery imposed under the Federal Rules and Local Rules. The parties agree that no other limitations should be imposed;

  g. The parties agreed that to the extent either party wishes to enter into a protective order, they would do so in accordance with the Local Rules. The parties agreed to utilize the Western District standard form.

(6) No discovery has been conducted in this case, and the parties will conduct discovery in accordance with the Federal Rules and Local Rules.

(7) No discovery has been conducted in this case. The parties reserve the right to object to discovery requests in accordance with the Federal Rules and Local Rules.

(8) The parties discussed filing a proposed order pursuant to Federal Rule of Evidence 502 and agreed that a proposed order is unnecessary at this time. The parties will confer should the need arise.

(9) The parties believe mediation would be better served after the close of discovery or after rulings on dispositive motions.

            Respectfully submitted,

            **KATZMAN & KATZMAN, PLLC**

            By: */s/Justin R. Reyes*
            Alex Katzman
            State Bar No. 00786939

Justin R. Reyes
State Bar No. 24095329
21022 Gathering Oak
San Antonio, Texas  78260
Telephone:  (210) 979-7300
Facsimile:   (210) 979-7357
alex@katzmanandkatzman.com
justin@katzmanandkatzman.com

**ATTORNEYS FOR PLAINTIFF GABRIEL SANCHEZ**


/s/ *Delilah L. Evans*
Christine E. Reinhard
State Bar No. 24013389
creinhard@sr-llp.com
Shannon B. Schmoyer
State Bar No. 17780250
sschmoyer@sr-llp.com
Delilah Lorenz Evans
State Bar No. 24036991
devans@sr-llp.com
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas  78257
Phone: (210) 447-8033
Facsimile: (210) 447-8036

**ATTORNEYS FOR DEFENDANT CPS ENERGY**

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on June 1, 2018.

| | |
|---|---|
| Christine E. Reinhard<br>Shannon B. Schmoyer<br>Delilah Lorenz Evans<br>SCHMOYER REINHARD LLP<br>17806 IH 10 West, Suite 400<br>San Antonio, TX 78257<br>Phone: (210) 447-8033<br>Fax: (210) 447-8036<br>creinhard@sr-llp.com<br>sschmoyer@sr-llp.com<br>devans@sr-llp.com | __ Hand Delivery<br>__ Facsimile Transmission (210) 349-3666<br>__ Certified Mail, Return Receipt Requested<br>__ U.S. Postal Service First Class Mail<br>X  E-service via CM/ECF |

**ATTORNEYS FOR DEFENDANT**

                        */s/ Justin R. Reyes*
                        JUSTIN R. REYES